# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEIL WISE<br>1201 Devereaux Ave<br>Philadelphia, PA 19111<br><br>Plaintiff,<br><br>v.<br><br>ADECCO, INC.<br>120 Gibraltar Road, Suite 111<br>Horsham, PA 19044<br>and<br>HERMAN MILLER, INC.<br>855 East Main Ave, PO Box 302<br>Zeeland, MI 49464-0302<br><br>Defendants. | CIVIL ACTION<br><br>No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Neil Wise, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Adecco, Inc. and Herman Miller, Inc. (*hereinafter* referred to collectively as "Defendants") for violations of the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*) and applicable state law(s). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

### II. Jurisdiction and Venue

2. This action is initiated pursuant to federal law, the ADA. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with

traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact as Plaintiff's ADA claims specified herein.

4. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff exhausted his administrative remedies because he timely filed Charges with the Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human Relations Commission (PHRC) and now files the instant lawsuit within ninety (90) days of receiving a right-to-sue letter from the EEOC and over one (1) year after his initial charge was filed with the PHRC.

### III. Parties

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult with an address as set forth above.

8. Defendant Adecco, Inc. is a multinational staffing agency with locations throughout the world including one in Horsham, PA at which Plaintiff was employed.

2

9. Defendant Herman Miller, Inc. is a major American manufacturer of office furniture, equipment and home furnishings with locations throughout the United States including one in Wayne, PA at which Plaintiff was employed.

10. Upon information and belief, Defendants jointly employed Plaintiff, as both entities are sufficiently sharing in resources, oversight, management, advertising, and all other aspects of overseeing employees of Defendants. Both Defendants exercised control over Plaintiff, jointly managed Plaintiff, and required Plaintiff to abide by their respective policies, as Defendant Adecco, Inc. staffed him to Defendant Herman Miller, Inc (where he physically worked and was supervised daily). These entities should be properly considered joint, single and/or integrated employers of Plaintiff.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## IV. **Factual Background**

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. As a result of a birth defect, Plaintiff was born with nerve damage throughout his right hand and arm and no knuckles on his right hand.

14. Plaintiff's aforementioned health conditions permanently limit his ability to perform manual tasks, lift, and perform many other life activities.

15. More specifically, Plaintiff's condition severely limits him from using his right hand in any way and also severely limits the amount of sensation throughout his right arm.

16. In or about January 2013, Plaintiff was hired by Defendants as a forklift operator.

3

17. Plaintiff was told when he was hired that his physical limitations would not be a problem as long as he could pick and pull items for orders, place the items onto pallets, and operate the forklift and/or pilot jacks.

18. Throughout his employment with Defendants, Plaintiff performed the aforementioned job duties satisfactorily.

19. Soon after Plaintiff began working for Defendants, Plaintiff's direct supervisor, one Mike (last name unknown), approached Plaintiff told Plaintiff that all panels must be placed on pallets neatly stacked and facing in the same direction.

20. Plaintiff told Mike that he could not stack the panels as Mike wished because of his physical limitations.

21. Mike told Plaintiff "do your job the way I tell you or you will be gone" and "I'm tired of you motherfuckers wanting jobs and then you don't want to work."

22. Mike further told Plaintiff "you need to use both hands to rotate the panel. In order to do this job you need two hands and I don't know why they hired this guy with one arm."

23. Plaintiff asked another employee to help him stack the panels, but Mike instructed the employee not to help and ridiculed and laughed at Plaintiff instead.

24. In or about March of 2013, Plaintiff verbally complained of the aforementioned discriminatory treatment to Defendant's management.

25. Plaintiff explained that he could not stack the panels as Mike had asked and that Mike had ridiculed him due to his physical impairment, explaining he was able to do the job hired for not that specific task without limited assistance.

4

26. A member of Defendant's management held a meeting and told Mike that if Plaintiff had a problem putting in the panels as instructed, then Mike would have to accommodate Plaintiff.

27. Mike became angry with the aforementioned instructions and stormed out of the meeting.

28. After the aforementioned meeting, Plaintiff observed Mike speaking with a coworker named Jimmy (last name unknown).

29. Mike told Jimmy, "we've got people working here with a handicap and if they can't do the job they don't need to be here."

30. Jimmy laughed in response to Mike's statement and said, "hang in there, it won't be long."

31. Mike and Jimmy continued to ridicule, threaten, and demean Plaintiff at work until Defendants eventually terminated Plaintiff's employment (discussed further *infra*).

32. Mike and Jimmy's harassment of Plaintiff worsened in or about April of 2013.

33. Mike and Jimmy's aforementioned harassment included but was not limited to telling Plaintiff that "people like him disappear from here," yelling at Plaintiff, calling Plaintiff stupid, saying that Plaintiff couldn't follow instructions, asking Plaintiff was is wrong with him, instructing Plaintiff to stack panel's Mike's way when other managers were not present, and telling Plaintiff he should quit if he couldn't even stack panels correctly.

34. Plaintiff complained about the discriminatory treatment again in or about April of 2013.

35. Defendants' human resources department interviewed members of Defendants' management in response to Plaintiff's aforementioned complaint.

36. Approximately one day after Plaintiff had complained to Defendant's management, Defendants terminated Plaintiff's employment.

37. Plaintiff was told that he was terminated for failure to fulfill his job requirements in a timely manner.

38. Plaintiff had not been disciplined for working too slowly and had received significant verbal praise about the speed at which he completed his duties.

39. Plaintiff was terminated for an entirely untrue reason after he had been subjected to a completely unacceptable, inappropriate, and entirely hostile work environment, had complained about such treatment, and after human resources had discussed his condition with members of Defendants' management.

**Count I**
**Violations of the Americans With Disabilities Act ("ADA," as amended)**
**[1] Discrimination; [2] Failure to Accommodate; [3] Retaliation; and**
**[4] Hostile Work Environment**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff has and continues to suffer from qualifying disabilities under the ADA, which, on occasion, limit his daily life activities, such as lifting, performing manual tasks, and other life activities.[1]

42. During Plaintiff's employment with Defendants, Plaintiff requested reasonable accommodations from Defendants' management (including but not limited to being permitted to transfer panels in a different way).

43. Plaintiff was subjected to severe and pervasive harassment because of his disability which prompted Plaintiff to complain of discrimination.

---

[1] The life activities specified herein are for example only and are not intended to be an exclusive list of life activities impacted by Plaintiff's health conditions.

6

44. Plaintiff seeks relief herein for the aforesaid harassment (hostile work environment) and his termination because such actions by Defendants were motivated by Plaintiff's: (1) known or perceived health problems; (2) record of health conditions; and/or (3) due to Plaintiff's requests for and/or use of reasonable accommodations / complaints of discrimination.

45. Not only did Defendants commit the foregoing specified acts of retaliation and/or discrimination, Defendants specifically failed to accommodate Plaintiff as Plaintiff's accommodation request(s) was very reasonable and not an undue burden.

46. These actions as aforesaid constitute violations of the ADAAA.

### Count II
### Violations of the Americans With Disabilities Act ("ADA," as amended)
### [1] Discrimination [2] Failure to Accommodate [3] Retaliation
### [4] Hostile Work Environment

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Plaintiff re-asserts and re-alleges each and every allegations of Count I as they constitute identical violations of the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom(s) of discriminating against employees based on their race or age, and are to be ordered to promulgate an effective policy against such discrimination/retaliation/interference and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases,

bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered the aforesaid unlawful actions at the hands of Defendants until the date of verdict (including reinstatement where appropriate);

    C.    Plaintiff is to be awarded punitive damages under the ADA as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their wilful, deliberate, malicious and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

    D.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited emotional distress damages);

    E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

    F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

    G.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

    Respectfully submitted,

    **KARPF, KARPF, & CERUTTI, P.C.**

By: _____
    Ari R. Karpf
    3331 Street Road
    Two Greenwood Square, Suite 128
    Bensalem, PA 19020

Dated: June 13, 2014

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| NEIL WISE | : | CIVIL ACTION |
| v. | : | |
| ADECCO, INC., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 6/13/14 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1201 Devereaux Ave, Philadelphia, PA 19111

Address of Defendant: 120 Gibraltar Rd, Ste 111, Horsham, PA 19044; 855 East Main Ave, PO Box 302, Zeeland, MI 49464

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Ari R. Karpf , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/13/14      _____     ARK2484
                    Attorney-at-Law             Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/13/14      _____     ARK2484
                    Attorney-at-Law             Attorney I.D.# 91538

CIV. 609 (5/2012)

%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WISE, NEIL

**DEFENDANTS**
ADECCO, INC., et al.

(b) County of Residence of First Listed Plaintiff: Philadelphia

County of Residence of First Listed Defendant: Montgomery

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☒ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans w/Disabilities Act "ADA" 42USC12101
Brief description of cause:
Violations of the ADA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____  DOCKET NUMBER _____

Explanation

DATE 6/13/14

SIGNATURE OF ATTORNEY OF RECORD

Print | Save As... | Export as PDF | Retrieve PDF File | Reset